**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF INDIANA**
**INDIANAPOLIS DIVISION**

| | | |
|---|---|---|
| CARL TURIENTINE,<br>LOLA RHODES,<br>MICHAEL NELSON,<br>DERRICK CALHOUN,<br><br>Plaintiffs,<br><br>v.<br><br>BIBBS HAULING, LLC,<br>B AUSTIN TRUCKING, LLC,<br>RICHARD KYLE BIBBS,<br>BRETT JONES,<br><br>Defendants. | ) | No. 1:25-cv-02516-TWP-KMB |

**ORDER ON MOTION FOR APPROVAL OF NOTICE OF COLLECTIVE ACTION**

This matter is before the Court on Plaintiffs Carl Turientine ("Turientine"), Lola Rhodes ("Rhodes"), Michael Nelson ("Nelson"), and Derrick Calhoun's ("Calhoun") (collectively, "Plaintiffs") Motion for Approval of Notice to Collective Action Members, Class Definition and Contact Information for Potential Class Members (Filing No. 24). Plaintiffs initiated this action against Defendants Bibbs Hauling, LLC ("Bibbs Hauling"), B Austin Trucking, LLC ("Austin Trucking"), Richard Kyle Bibbs, and Brett Jones (collectively, "Defendants") on behalf of themselves and all others similarly situated, alleging violations of the Fair Labor Standards Act ("FLSA") and Indiana's Wage Claims Statute and Wage Payment Statute (Filing No. 8). For the reasons stated below, Plaintiffs' Motion is **denied**.

## I. BACKGROUND

Bibbs Hauling and Austin Trucking are dump truck companies and employers pursuant to the FLSA (Filing No. 13 ¶¶ 32, 81–82). Richard Bibbs and Brett Jones are both managers at Bibbs

Hauling and Austin Trucking (Filing No. 8 at 2). Plaintiffs were dump truck drivers employed by Defendants who were all paid on an hourly basis. *Id.* at 3. Turientine worked for Bibbs Hauling from June 2015 to October 2024; Rhodes worked for Bibbs Hauling from May 2022 to June 2025; Calhoun worked for Bibbs Hauling from May 2020 to November 2025; and Nelson worked for Austin Trucking from sometime in 2022 to September 2024. *Id.* at 5–6.

Plaintiffs allege Defendants have not paid them for all their regular work hours or overtime hours. *Id.* Turientine, Rhodes, and Nelson each affirm that based on conversations with co-workers, Defendants not only did not pay them, but also did not pay other truck drivers for time spent each day performing pre-driving inspections required by the Department of Transportation, for all time spent each day traveling from the yard to the first worksite of the day, and for all time spent each day fueling their trucks (Filing No. 24-1; Filing No. 24-2; Filing No. 24-3).

## II. LEGAL STANDARD

Under the FLSA, an employee is permitted to maintain a collective action for "unpaid overtime compensation . . . for and in behalf of himself . . . and other employees similarly situated." 29 U.S.C. § 216(b). "Such a collective action differs significantly from a Rule 23 class action. Potential class members in a collective action must affirmatively opt-in to be bound, while in a Rule 23 action they must *opt out* [to] not be bound." *Cheesman v. Nexstar Broad. Grp., Inc.*, No. 07CV360, 2008 WL 2225617, at *1, (S.D. Ind. May 27, 2008) (emphasis in original). The standards governing class certification under Rule 23 are not applicable to FLSA collective actions. *Id.*

Courts in the Seventh Circuit engage in a two-step inquiry to determine whether an FLSA action may proceed as a collective action. *Id.* The first step is called the "notice stage" and "involves an analysis of the pleadings and affidavits which have been submitted to determine

whether notice should be given to potential class members." *Id.* (quoting *Carter v. Indianapolis Power & Light Co.*, No. 02CV01812, 2003 WL 23142183, at *1 (S.D. Ind. Dec. 23, 2003)). "The second step, which usually occurs after discovery has largely been completed, allows a court the opportunity to determine whether the class should be decertified or restricted because various putative class members are not in fact similarly situated as required by the statute." *Id.*

"[T]o secure notice, a plaintiff must first make a threshold showing that there is a material factual dispute as to whether the proposed collective is similarly situated. By this, [the Seventh Circuit] mean[s] that a plaintiff must produce some evidence suggesting that they and the members of the proposed collective are victims of a common unlawful employment practice or policy." *Richards v. Eli Lilly & Co.*, 149 F.4th 901, 913 (7th Cir. 2025). "A plaintiff's evidence of similarity need not be definitive, but defendants must be permitted to submit rebuttal evidence and, in assessing whether a material dispute exists, courts must consider the extent to which plaintiffs engage with opposing evidence." *Id.* "[A]t this stage, the relevant evidence will likely come in the form of affidavits and counter-affidavits, including those that a plaintiff may wish to submit after seeing a defendant's rebuttal evidence." *Id.*

However, "a plaintiff is not automatically entitled to notice upon establishing the existence of a material dispute as to similarity." *Id.* Rather, "the decision to issue notice will depend on [the court's] assessment of the factual dispute before it." *Id.* It is left to the "sound discretion of the district court to facilitate notice in an efficient way that strikes an appropriate balance between timely notice and judicial neutrality." *Id.*

"If the district court is persuaded that the evidence necessary to resolve a similarity dispute is likely in the hands of yet-to-be-noticed plaintiffs, it may proceed with a two-step approach—that is, it may issue notice to the proposed collective while postponing the final determination as

to whether plaintiffs are similarly situated until plaintiffs move for certification after opt-in and discovery are complete." *Id.* "Alternatively, if the court is confident that a similarity dispute can be resolved by a preponderance of the evidence before notice, it may authorize limited and expedited discovery to make this determination and tailor (or deny) notice accordingly." *Id.*

If the court grants conditional certification of a collective action, it has discretion "to prescribe the form, manner, and timing of notice to ensure that putative members receive 'accurate and timely notice concerning the pendency of the collective action, so that they can make informed decisions about whether to participate.'" *Weninger v. Gen. Mills Operations LLC*, 344 F. Supp. 3d 1005, 1012 (E.D. Wis. 2018) (quoting *Hoffmann-La Roche Inc. v. Sperling*, 493 U.S. 165, 170 (1989)).

## III. DISCUSSION

Plaintiffs, on behalf of themselves and all others similarly situated, by proposed class and collective action counsel, seek approval of their notice to be sent to the proposed collective action members. Additionally, Plaintiffs seek approval of the following class definition for their collective action:

> All present and former truck drivers of Bib[b]s Hauling, LLC and B Austin Trucking, LLC who worked over forty hours in one or more workweeks and was [*sic*] paid on or after December 11, 2022, and were not paid all overtime hours worked.

(Filing No. 25 at 4). Plaintiffs contend that they have presented sufficient evidence establishing that Bibbs Hauling and Austin Trucking have common pay policies or practices that violate the FLSA. Afterall, Turientine, Rhodes, and Nelson each affirm that they and their fellow truck drivers were not paid for the following: (1) time to perform pre-trip Department of Transportation inspections; (2) time to fuel the dump trucks; (3) all or some of the drive time to and from the yard to the worksite; and (4) duties such as finalizing paperwork and cleaning the dump truck. *Id.* at 6

(citing Filing No. 24-1; Filing No. 24-2; Filing No. 24-3). In addition, Plaintiffs testified that based on conversations with their co-workers, they and their fellow truck drivers were not paid overtime wages earned as a result of time spent performing pre-trip inspections, fueling, cleaning the trucks, driving to and from the yard to the worksite, and completing and turning in paperwork. *Id.* at 6–7. Plaintiffs argue that they have therefore provided evidence of common unlawful pay policies or practices and have "'raised at least a material factual dispute as to the similarity of potential plaintiffs'" as required by *Richards*. *Id.* at 7 (quoting *Richards*, 149 F.4th at 913).

Plaintiffs also seek contact information for all potential members of the collective action (Filing No. 25). They argue that if the Court finds that notice should be given to potential collective action members, the Court should instruct Defendants to produce via e-mail an Excel document providing the names, last known addresses, cell phone numbers, dates of employment, e-mail addresses, and dates of birth of all potential collective action members. *Id.* at 7.

Defendants oppose the Motion for two reasons. They argue (1) the group of persons to whom Plaintiffs seek to send notice is excessively broad, and (2) Plaintiffs' proposed notice would go to parties whose purported claims are necessarily time-barred because the FLSA statute of limitations is three years at most and the only evidence Plaintiffs submit is hearsay devoid of any factual foundation (Filing No. 30). The Court will address each of Defendants' arguments in turn.

**A. Breadth of Notice**

Defendants note that the limitations period for the FLSA is ordinarily two years but may be three years for a "willful violation." *Id.* at 4 (quoting 29 U.S.C. § 255). Defendants contend that in a collective action under the FLSA, the filing of the initial plaintiffs' claims does not toll the limitations period for the group, and thus, Plaintiffs' proposed notice would go to parties whose

purported claims are necessarily time-barred; that is, persons with an FLSA claim that accrued between December 11, 2022, and the date that is three years prior to the notice. *Id.*

Courts in this district have determined otherwise. In *Sparks v. TLC House and Residential Services, LLC*, No. 1:25-cv-2034-JPH-MJD, 2026 WL 1018427 (S.D. Ind. April 14, 2026), the Court was tasked with analyzing a similar argument upon a group of plaintiffs requesting approval of a notice to potential collective action members. Judge Hanlon found that "[d]efendants are incorrect in suggesting that . . . the [n]otice cannot include putative plaintiffs whose claims will be time barred if they are not entitled to equitable tolling." *Id.* at 2. "Rather, 'from filing to judgment, collective actions permit individualized claims and individualized defenses.'" *Id.* (citation modified) (quoting *Vanegas v. Signet Builders, Inc.*, 113 F.4th 718, 725 (7th Cir. 2024)). Judge Hanlon explained that the "plaintiff does not have to demonstrate that the claims of every member of the putative collective action are identical. The fact that some potential plaintiffs may need to invoke equitable tolling to defeat [d]efendants' statute of limitations argument does not negate the fact that they are similarly situated to [p]laintiff (*i.e.* victims of a common policy or plan that violated the law)." *Id.* (citation modified). The Court therefore found that "it is appropriate for the [n]otice to include potential plaintiffs whose claims depend on the successful invocation of equitable tolling." *Id.*

The undersigned finds no reason to deviate from the well-reasoned ruling in *Sparks*. The Court concludes that notice may go out to potential plaintiffs even if their claims depend on the successful invocation of equitable tolling, and thus, the class definition is not excessively broad.

**B. Affidavit Evidence**

Next, Defendants contend Plaintiffs have failed to make the necessary showing under *Richards* (Filing No. 30 at 4). In *Richards*, the Seventh Circuit set forth the process by which a

District Court should address a plaintiff's motion for notice to potential plaintiffs in a purported collective action.

> [W]e conclude that to secure notice, a plaintiff must first make a threshold showing that there is a material factual dispute as to whether the proposed collective is similarly situated. By this, we mean that a plaintiff must produce some evidence suggesting that they and the members of the proposed collective are victims of a common unlawful employment practice or policy.

*Richards*, 149 F.4th at 913. The defendants must then be permitted to produce evidence rebutting the evidence advanced by plaintiffs. *Id.*

Defendants deny that they had any policy of paying any employee less than what is required by the FLSA (Filing No. 30-1; Filing No. 30-2). They argue the only evidence Plaintiffs have tendered suggesting that members of the proposed collective are also victims, are the three affidavits that are based entirely on hearsay. And Plaintiffs merely reallege the claims in their Amended Complaint and put no new information before the Court (Filing No. 30 at 4). Defendants point out that Plaintiffs' affidavits use nearly identical language, simply placing the phrase "based on my observations and conversations with co-workers" before a reiteration of their allegations contained in the Amended Complaint. Defendants argue Plaintiffs do not provide any identifying information as to who these "co-workers" might be, what their job titles or responsibilities were, when or where these conversations occurred, under what circumstances, or the actual content of the conversations. *Id.* at 5. Given the paucity of information in Plaintiffs' affidavits, Defendants assert that it is impossible for them to know where to begin to determine whether, and how, these allegations can be rebutted.

Plaintiffs reply that at this early stage of the litigation, affidavits are the only evidence available to Plaintiffs to support their Motion (Filing No. 31 at 3). Plaintiffs cite the Order Granting Motion for Notice of Collective Action in *Allen v. Statewide Transfer Ambulance & Rescue, Inc.*,

No. 1:24-cv-858-MPB-MKK, Docket No. 78 (S.D. Ind. Dec. 19, 2025). In *Allen*, the Court relied upon the affidavits of a named plaintiff and a co-worker to approve notice to potential collective action members, finding that the "affidavits provide 'some evidence' of a common unlawful practice on [d]efendant's part,." (Filing No. 31 at 3 (citing *Allen*, No. 1:24-cv-858, Order Granting Mot. Notice Collective Action, Docket No. 78 at 3 (citing *Richards*, 149 F.4th at 906, 913); *Gower v. Roudy's Supermarkets, Inc.*, No. 24 C 9346, 2025 WL 3537391, at *4 (N.D. Ill. Dec. 10, 2025) (holding that two affidavits, one of which was the plaintiff's, satisfied plaintiff's burden to secure opt-in notice))). Plaintiffs also cite *Kruger v. Arrow Container, LLC*, No. 1:19-cv-1402, 2019 WL 6468334, at *2 (S.D. Ind. Dec. 2, 2019), where the Court, relying on *Allen v. Payday Loan Store of Indiana, Inc.*, No. 2:13-cv-262, 2013 WL 6237852, at *7 (N.D. Ind. Dec. 2, 2013), found that a plaintiff need not present affidavits from every employee to receive conditional certification of the collective action and one of the named plaintiffs' affidavit stating that based on his conversations with co-workers, he was not aware of any hourly employee who was paid more than time and a half his hourly rate in overtime pay, was enough to satisfy the minimal burden to warrant court-authorized notice. *Kruger*, 2019 WL 6468334, at *2. Plaintiffs assert that despite the contentions Defendants raise regarding the affidavit evidence submitted, the affidavits provided are exactly the kind of evidence relied upon in the above-cited cases to approve notice to potential collective action members (Filing No. 31 at 4).

The Court is not persuaded. *Allen* dealt with an affidavit from the named plaintiff who stated that he was "intimately familiar" with how many employees worked and how much they were paid; he also knew how often their uncompensated sleep was interrupted. No. 1:24-cv-858, Order Granting Motion for Notice of Collective Action, Docket No. 78 at 3. While similar affidavits in *Kruger* were found to satisfy the plaintiffs' burden for notice in that case, the *Kruger*

decision was a pre-*Richards* standard. *See Kruger*, 2019 WL 6468334, at *2. Specifically, the plaintiffs demonstrated "a 'modest factual showing' that they were subject to an illegal pay practice." *Id.* This "modest factual showing" standard was rejected by the Seventh Circuit in *Richards* and modified into the current standard, which requires that "a plaintiff must produce some evidence suggesting that they and the members of the proposed collective are victims of a common unlawful employment practice or policy." *Richards*, 149 F.4th at 913.

Here, Plaintiffs have failed to satisfy their burden under *Richards*. While the Court may consider hearsay in determining notice for a collective action, *see Wiyakaska v. Ross Gage, Inc.*, No. 10-cv-1664, 2011 WL 4537010, at *3 (S.D. Ind. Sept. 28, 2011), simply placing the phrase "based on my observations and conversations with co-workers" will no longer create a material factual dispute as to whether the potential collective action members are similarly situated. Plaintiffs' affidavits are devoid of any context that would allow the Court to determine whether they are in fact similarly situated. Plaintiffs ask the Court to find that the potential collective action members are similarly situated solely because they say they are. But allowing such barren assertions to secure notice would effectively eviscerate any meaningful burden. A plaintiff seeking authorization of notice of a collective action could merely sign an affidavit under penalty of perjury saying that they talked to unnamed individuals and those unnamed individuals experienced the same alleged harms that the plaintiff did. As Defendants point out, allowing such vacuous evidence would render it impossible for any defendant to rebut such evidence.

Affidavits must provide some level of factual detail or be accompanied by other evidence sufficient to satisfy the minimum threshold established in *Richards*. For example, a plaintiff may cite job descriptions of other employees, internal company policies and procedures, or testimony about a defendant's management structure from similar cases as evidence. *See Gower*, 2025 WL

3537391, at *4 (holding that a plaintiff who cited to her own affidavit, an affidavit of another former employee of defendant, job descriptions of other employees, internal company policies and procedures, and testimony about the defendants' management structure from similar cases was enough to secure notice). But merely affirming "based on my observations and conversations with co-workers" in front of recitations of the allegations in the Amended Complaint is not sufficient. Accordingly, the Court finds that Plaintiffs have failed to produce "some evidence" sufficient to create a material factual dispute as to whether the potential collective action members are similarly situated. Plaintiffs' Motion is therefore **denied**.

## IV. CONCLUSION

For the reasons stated above, Plaintiffs' Motion for Approval of Notice to Collective Action Members, Class Definition and Contact Information for Potential Class Members (Filing No. 24) is **DENIED**. Because Plaintiffs have not shown that notice should be given to potential collective action members, their request for contact information for all potential members of the proposed collective action is also **denied**.

**SO ORDERED.**

Date: November 10, 2026

Hon. Tanya Walton Pratt, Judge
United States District Court
Southern District of Indiana

Distribution:

Joseph Neal Bowling
Neal Bowling Legal, LLC
nbowling@lewiswagner.com

Megan Ann Hill
Lewis Wagner LLP
mhill@lewiswagner.com

Janelle P. Kilies
LEWIS WAGNER, LLP
jkilies@lewiswagner.com

Ronald E. Weldy
WELDY LAW
rweldy@weldylegal.com